EDWARD MARSHALL *et al.* v. L. S. BACHELDOR.

1. PERSONAL PROPERTY, *Affixed to Realty — Status.* In the sale of personal property that is to be affixed to realty, the contracting parties at the time of the sale have the power, as between themselves, at least, to fix the *status* of such property, and to say whether, when affixed to the realty of the vendee, it shall remain personal property or become a part of such realty.

2. HOMESTEAD — *Not 'an Improvement.* By the express terms of the contract of sale of the property for which the debt sought to be enjoined in this case was created, the ownership and possession of the property sold was to remain in H. until the price was paid. *Held,* That under such contract, as between H. and B., the property sold, though it subsequently became affixed to the homestead of B., remained personal property, and did not constitute an improvement upon the homestead; and the latter was exempt from sale to pay the debt contracted therefor.

*Error from Cloud District Court.*

INJUNCTION. Judgment for plaintiff, *Bacheldor,* at the October term, 1888. The defendants, *Marshall,* as sheriff of Cloud county, and *Hollis,* bring the case to this court. The material facts appear in the opinion.

*Kennett, Peck & Matson,* for plaintiff in error.

*Theodore Laing,* for defendant in error.

Opinion by STRANG, C.: Sometime prior to March 1, 1887, S. M. Hollis sold to L. S. Bacheldor a windmill and grinder, and also a wheel and chain to connect said windmill and grinder, and transmit power from the former to operate the latter, for the purpose of grinding feed for stock. At the time of the sale, the said Hollis took from Bacheldor his promissory note for said property, in which he reserved to himself the ownership and possession of said property until the purchase-money should be paid, together with the right to retake the actual possession of said property at any time he should deem himself insecure. The windmill, grinder, wheel and chain were set up and used on the homestead of the defendant. The

windmill was placed on a tower which was bolted fast to posts let into the ground. The grinder was screwed fast to the floor of a small shed erected over it for shelter. The notes were not paid when due. Hollis brought suit thereon and obtained a judgment against Bacheldor March 14, 1887, for $250. October 13, 1887, an execution was issued on said judgment and levied upon the homestead of Bacheldor for the purpose of selling the same to satisfy the judgment. November 3, this suit was begun in the district court of Cloud county, to enjoin the sale of said homestead, upon the ground that it was exempt. An answer was filed admitting that the premises were the homestead of Bacheldor, but alleging that the debt upon which the judgment rested was contracted for improvements upon said homestead, and that the exemption laws of the state did not therefore protect the homestead. The injunction was allowed, and on trial made perpetual. Motion for new trial was overruled, and a case made for this court.

The only question in the case is, was the debt, for the payment of which the Bacheldor homestead was being sold, contracted for improvements thereon? If it was, the judgment of the court below was wrong, and ought to be reversed; but if such debt was not for improvements on said homestead, the judgment is right and must stand. The property for which the debt in question was contracted was, at the time of the sale, personal property. If it ever became a part of the realty, and therefore an improvement thereon, it was by reason of its becoming attached to such realty after the sale. Whether personal property affixed to realty becomes a part thereof depends, as a general rule, upon the character of its attachment to the realty, or the use to which it is put. If it is attached to the realty so as to be incapable of separation therefrom without serious injury to the latter, it will generally be considered a part of the realty. Or if it is affixed to the realty to be used permanently in connection therewith as a part thereof, it will generally be considered a part of the realty. (*Walker v. Sherman*, 20 Wend. 636, and cases there cited.) None of the property sold by Hollis was so attached to the

realty of Bacheldor as to be incapable of severance and removal therefrom without injury to the realty; nor was its attachment to the realty necessary to the use and enjoyment of the homestead of Bacheldor. It was used to grind feed for himself and neighbors for profit, outside of any necessary connection with the freehold. But whether in this case, under the general rule, the property would be considered a part of the realty or not, we do not think that, under the contract between Hollis and Bacheldor, the property sold by the former to the latter became a part of his real estate.

In the sale of personal property that is to be fixed to realty, the contracting parties at the time of the sale have the power, as between themselves at least, to fix the *status* of such property, and to say whether, when affixed to the realty of the vendee, it shall remain personal property or become a part of the realty. (*Fortman v. Geopper*, 14 Ohio St. 558; 1 Benj., Sales, § 425; Tied., Sales, §§ 83, 85.) Did the contracting parties, at the time of the sale in this case, fix the *status* of the property for which the debt sought to be enjoined was contracted? We think they did; and in such a manner as to leave the property on the premises of Bacheldor not only mere personal property, but the property of Hollis, the vendor, until the performance of the condition by payment of the purchase-price. When the mill, grinder and other articles were sold by Hollis to Bacheldor, the former reserved in writing both the ownership and possession thereof in himself until the price was paid; and also reserved to himself the right to take the actual possession of said property whenever, before payment, he deemed himself insecure. That is, if at any time before payment Hollis, for any cause, thought he was in any danger of losing his property, he had the right to go to Bacheldor's place and take it away. So long as this right remained in Mr. Hollis by express contract between himself and Bacheldor, the property, as between themselves at least, could not become a part of the realty, and could not be held to constitute an improvement thereon. If said property did not constitute an improvement upon the realty, the homestead would

be exempt from the payment of the debt contracted therefor, and the sale of the homestead to satisfy such debt should be enjoined. (*Eaves v. Estes*, 10 Kas. 314; *A. T. & S. F. Rld. Co. v. Morgan*, 42 id. 23; *Ford v. Cobb*, 20 N. Y. 344; *Holmes v. Tremper*, 20 Johns. 29.)

We therefore recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.